# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MIDDLE CHILD, LLC,

    Plaintiff,

v.

MIDDLE CHILD GROUP, LLC,

    Defendant.

Case No. 2:24-cv-00854-JCM-NJK

**Order**

[Docket No. 18]

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 18. Plaintiff filed an opposition. Docket No. 26.[1] Defendant did not file a reply. *See* Docket. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The Court has broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that

---

[1] The opposition includes a request to incorporate by reference. See Docket No. 26 at 1 (referring to Docket No. 26). The Court reviewed the cited filing, but it will not allow incorporation by reference moving forward.

Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Here, Plaintiff submits that it needs discovery to resolve the bad faith issue in the motion to dismiss. Docket No. 26 at 3. Defendant failed to reply; therefore, it failed to oppose Plaintiff's contention. Further, the Court is not convinced that Plaintiff will be unable to state a claim for relief.[2]

Therefore, the Court **DENIES** the motion to stay discovery. Docket No. 18. The parties must file a joint proposed discovery plan no later than October 15, 2024.

IT IS SO ORDERED.

Dated: October 8, 2024

                                                          Nancy J. Koppe
United States Magistrate Judge

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id*. As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.