UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIDDLE CHILD, LLC, <br><br> Plaintiff(s), <br><br> v. <br><br> MIDDLE CHILD GROUP, LLC, <br><br> Defendant(s). | Case No. 2:24-CV-854 JCM (NJK) <br><br> ORDER |

Presently before the court is defendant Middle Child Group, LLC's motion to dismiss. (ECF No. 6). Plaintiff Middle Child, LLC filed a response. (ECF No. 10).

Also before the court is defendant's motion to dismiss plaintiff's amended complaint. (ECF No. 17). Plaintiff filed a response (ECF No. 25), to which defendant replied. (ECF No. 27).

**I.  Background**

This action arises out of alleged trademark infringement. Since 2017, plaintiff has operated multiple MIDDLE CHILD restaurants in Philadelphia. (ECF No. 25 at 3). In June 2024, defendant opened a restaurant in Las Vegas, Nevada, under the name MIDDLE CHILD. (*Id.* at 13). Defendant applied for a federal trademark for MIDDLE CHILD in September 2022. (ECF No. 17 at 2). Months later, plaintiff applied for the same trademark.[1] (*Id.*).

Plaintiff's amended complaint alleges trademark infringement and false designation of origin under 15 U.S.C. § 1125(a) and federal unfair competition under § 43(a) of the Lanham Act.

---

[1] Both applications are currently pending. (ECF Nos. 17 at 3; 25 at 8).

(ECF No. 11).  Plaintiff also seeks a declaratory judgment.  (*Id*.).

The gravamen of plaintiff's amended complaint is that defendant infringed on plaintiff's mark by opening a MIDDLE CHILD restaurant in Las Vegas.  (ECF No. 11).  Moreover, plaintiff alleges that defendant's use of this mark has confused its customers.  (*Id*.).  Defendant now moves to dismiss plaintiff's amended complaint.  (ECF No. 17).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

District courts apply federal pleading standards to state law claims in federal court.  *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

The court, on a motion to dismiss, is limited to the allegations contained in the complaint.  *City of Los Angeles*, 250 F.3d at 688.  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *Ritchie*, 342 F.3d at 908.

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d

655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.   Discussion**

The court has sufficient information to decide the instant motions based on the filings and thus denies any request for oral argument. LR 78-1. Furthermore, because plaintiff filed an amended complaint, defendant's motion to dismiss plaintiff's original complaint (ECF No. 6) is denied as moot.

A.   Trademark infringement, false designation of origin, and federal unfair competition

To state a claim for trademark infringement, false designation of origin, and unfair competition, plaintiff must allege that it has a protected trademark and defendant's use of the mark is likely to confuse customers. *See Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985); *see also E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1288 (9th Cir.1992).

Defendant argues that plaintiff does not have a protected trademark. (ECF No. 17 at 5). To establish a protected trademark in the absence of federal registration, plaintiff contends that it has common law trademark rights to the MIDDLE CHILD mark. (ECF No. 26 at 7). Thus, in order to prevail here, plaintiff must prove that it (1) is the senior user of the mark and (2) has "legally sufficient market penetration" in Las Vegas. *See Credit One Corp. v. Credit One Financial, Inc.*, 661 F.Supp.2d 1134, 1138 (C.D.Cal.2009).

. . .

*1.* Seniority of use

"It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp*., 174 F.3d 1036, 1047 (9th Cir. 1999).

Although seniority of use does not require evidence of sales, the public must identify the mark with the adopter. *Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109, 1119 (S.D. Cal. 2014) (citing *Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, 188 F.3d 427, 433–34 (9th Cir.1999)). To establish public identification of a mark, courts consider "advertising brochures, catalogs, newspaper ads, and articles in newspapers and trade publications," and media outlets such as television and radio. *Johnny Blastoff*, 188 F.3d at 434.

Priority of use in one geographic area within the United States does not necessarily establish priority in another area. *Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1096 (9th Cir. 2004). Thus, because plaintiff and defendant use the MIDDLE CHILD mark in two different areas, plaintiff must allege that it is the senior user in Las Vegas. *See id.*

Here, plaintiff's alleged national magazine features and international social media following (ECF No. 11 at 6) are not connected to and do not establish priority of use in Las Vegas. Thus, plaintiff has failed to sufficiently allege facts that it is the senior user of the MIDDLE CHILD mark in Las Vegas.

*2.* Market penetration

Moreover, even if plaintiff sufficiently alleged seniority of use, it fails to allege that it has market penetration in Las Vegas. Courts assess market penetration by considering sales volume,

product growth trends, number of purchasers compared to potential customers, and the amount of advertising. *Credit One Corp.*, 661 F.Supp.2d at 1121 (citing *Adray v. Adry-Mart*, Inc., 76 F.3d 984 (9th Cir. 1995)).

Courts evaluate these factors for the relevant geographic market where the plaintiff asserts its rights. *Glow Industries v. Lopez*, 252 F. Supp. 2d 962, 983 (C.D. Cal. 2002). Here, plaintiff must allege market penetration in Las Vegas. Plaintiff's national magazine features, social media followers outside the U.S., and merchandise sales across 45 states are not connected to Las Vegas. (ECF No. 11 at 6). Thus, plaintiff has also failed to sufficiently allege that it has market penetration.

However, if a plaintiff "cannot prove actual sales penetration into the contested area, and cannot prove that the reputation of its mark extends into that area, it may still make a claim that the junior user is located in an area which falls within the senior user's 'zone of expansion.'" *Glow Industries*, 252 F. Supp. 2d at 983-84 (citing 4 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 26.20 (4th ed. 2002)).

Plaintiff argues that Las Vegas falls within its natural zone of expansion but alleges its intent to expand only into Texas and California—not Nevada. (ECF No. 11 at 1-2). Therefore, plaintiff cannot establish market penetration through its alleged zone of natural expansion.

Plaintiff has failed to state a claim for relief for its first and second causes of action. Thus, its request for a declaratory judgment necessarily fails to state a claim.

B. Leave to amend

Leave to amend shall be "freely given when justice so requires." *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)). Defendant has failed to provide the court with any reason to deny plaintiff's request to amend its complaint. Thus, plaintiff's amended complaint is dismissed

without prejudice, and it is given leave to amend.

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 6) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's amended complaint (ECF No. 17), be and the same hereby is, GRANTED.

IT IS FURTHER ORDERED plaintiff's amended complaint (ECF No. 11) is dismissed without prejudice.  Plaintiff shall file an amended complaint within twenty-one (21) days of this order if it so chooses.

DATED November 15, 2024.

_____
UNITED STATES DISTRICT JUDGE